# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JASON BRENT STOVER,** ) | |
| ) | |
| *Petitioner,* ) | |
| ) | |
| v. ) | **Civil Action Number** |
| ) | **2:17-cv-08020-AKK** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| *Respondent.* ) | |

## MEMORANDUM OPINION

Jason Brent Stover seeks to have his sentence vacated, set aside, or corrected pursuant to 28 U.S.C. § 2255 in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), arguing that his conviction in an Alabama state court for possession of marijuana first degree does not qualify as a serious drug offense. Docs. 1, 2. Consequently, he asserts that the court erred when it increased his base offense level to 20 in calculating his offense level under the sentencing guidelines. Stover's petition is due to be denied.

To begin, Stover is no longer in federal custody and is out on supervised release. *See* docs. 23, 24, and 25 in Case No. 2:15-cr-294-AKK. Stover's petition challenges only his sentencing guidelines and the custodial sentence he received, neither of which impacts the terms of his supervised release. Therefore, his petition is moot. Moreover, the Eleventh Circuit has rejected Stover's contention that possession of

marijuana first degree does not qualify as a serious drug offense under Alabama law. *See United States v. White,* 837 F.3d 1225, 1230-31 (11th Cir. 2016); *United States v. Robinson,* 583 F.3d 1292, 1296-97 (11th Cir. 2009). Finally, the Supreme Court held in *Beckles v. United States*, 137 S. Ct. 886 (2017), that *Johnson* does not apply to the Advisory Sentencing Guidelines,[1] which the court considered in deciding what sentence to impose under the 18 U.S.C. § 3553(a) factors.[2]

In light of the foregoing, the court will issue a separate order denying Stover's § 2255 petition.

**DONE** the 6th day of August, 2020.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE

---

[1] The Court held that the Advisory Guidelines "are not subject to a vagueness challenge under the Due Process Clause." 137 S. Ct. at 892. The Court explained that "[u]nlike the ACCA, . . . the Advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id.*

[2] More precisely, because Stover was convicted of being a felon in possession of a firearm, 18 U.S.C. § 922(g), the court applied the guidelines found in U.S.S.G. §2K2.1, not the Armed Career Criminal Act residual clause, in calculating his base offense level under the Sentencing Guidelines. *See United States v. Stover,* No. 2:15-cr-00294, docs. 16 and 18. In doing so, the court found – as Stover conceded in his petition – that he had one predicate prior conviction that is considered a serious drug offense as defined at U.S.S.G § 4B1.2(b).